## SUSAN LAFFOON *v.* LAMONT ALONZO LAFFOON.

No. 2601
No. 3001

Argued June 20, 1945.                    Decided June 28, 1945.

*Per Curiam.* In the circuit court the plaintiff recovered a judgment against the defendant as follows:

"IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff, SUSAN LAFFOON, do have and recover from the Defendant, LAMONT ALONZO LAFFOON, the following items of personal property: (Here follows a list of the items with the value of each item set opposite.)

"AND IT IS HEREBY FURTHER ORDERED AND ADJUDGED that if delivery of any of the said items of property cannot be made, then plaintiff do have and recover from defendant the value thereof, as herein set forth."

To reverse this judgment the defendant sued out a writ of error in this court but did not file with the clerk a bond "conditioned for the payment of the judgment in the origi-

nal cause in case of failure to sustain the writ of error."
R. L. H. 1945, § 9557.

For the failure of the defendant-plaintiff in error to
file such a bond, the plaintiff-defendant in error has moved
that the writ of error be dismissed.

Section 9557, *supra,* provides *inter alia,* that, "No writ
of error shall issue * * * except in criminal cases and cases
in which there is no money judgment," until a bond such
as the one above described has been filed.

If the judgment above quoted is a "money judgment,"
the writ was improvidently issued and must be dismissed.

The form of judgment for plaintiff in replevin adopted
by this court in 1893 provided for the recovery of the
property "or $—— in case a delivery thereof cannot be
had." 9 Haw. 725.

The judgment in this case, though not in the exact
words of the form adopted by this court, is nevertheless of
the same legal effect. They are both judgments in the
alternative.

In 46 American Jurisprudence, Replevin, section 136,
page 73, the method of enforcing such a judgment is dis-
cussed as follows: "Since the judgment in replevin gen-
erally is in the alternative, it may be satisfied in one of
two ways, namely, by a return of the property or by the
payment of the money value thereof, in the event the
property cannot be returned. An execution must follow
the judgment, and there is but one form of execution on
a judgment in an action of replevin; it is satisfied, so far
as the subject matter of the litigation is concerned, by a
delivery to the officer of the property described in the writ.
If, under such an execution, the officer is unable to obtain
possession of the property described therein, he may pro-
ceed under the same execution to enforce the alternative
judgment, and his return is conclusive between the parties,
and not subject to collateral attack."

Such an execution could not be levied on other property of the defendant if the judgment was not a money judgment. It follows that the judgment is a money judgment.

The writ of error is therefore dismissed.

*A. K. Trask* for the motion.

*O. P. Soares* contra.